IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-01965-WDM-KLM

ARIZONA DIALTONE, INC., an Arizona Corporation,

    Plaintiff,

v.

COLORADO PUBLIC UTILITIES COMMISSION, an Administrative Agency of the State of Colorado, and
QWEST CORPORATION, a Colorado Corporation,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This case is before me on the Motion to Dismiss (doc no 14), filed by Defendant Colorado Public Utilities Commission ("PUC").  Plaintiff opposes the motion.  Upon review of the parties' filings, I conclude oral argument is not required.  For the reasons that follow, the motion will be denied without prejudice.

### Background

Plaintiff Arizona Dialtone, Inc. (AZDT") filed its complaint in this matter seeking judicial review of the decision by the PUC in arbitration of a dispute between AZDT and Defendant Qwest Corporation ("Qwest").  The PUC seeks to dismiss the complaint on the grounds that it was not filed within thirty days of the PUC's final decision.

The PUC is a state administrative agency which regulates public utilities, including arbitrating interconnection disputes between telecommunications carriers.  This authority

is provided by both state and federal statute.  *See* C.R.S. § 40-3-102; Section 252(b) of the Telecommunications Act of 1996 (the "Act"), 47 U.S.C. § 252(b).  Section 251 of the Act sets forth requirements for all interconnection agreements.  Section 252 of the Act provides detailed procedures for how interconnection agreements, whether arrived at through voluntary negotiation or arbitration, shall be handled and approved by state regulatory commissions and the federal government, if necessary.  *See generally Qwest Corp. v. Public Utilities Comm'n of the State of Colo.,* 479 F.3d 1184 (10th Cir. 2007) (describing history and purpose of the Act and duties imposed by sections 251 and 252).  Qwest filed a petition for arbitration with the PUC on December 19, 2007.  On April 18, 2008, the PUC issued an Initial Decision.  Initial Decision, Ex. 1 to PUC's Motion to Dismiss (doc no 14-2). In the Initial Decision, the parties were ordered to adopt certain proposed language by Qwest in the interconnection agreement amendment.  *Id.*  The PUC also ordered the parties to file a complete amendment to their interconnection agreement for approval or rejection by the PUC within thirty days of the PUC's "final decision."  *Id.*

Qwest thereafter filed an Application for Rehearing, Reargument, or Reconsideration ("RRR") of the Initial Decision.  The PUC denied the Application for RRR on June 9, 2008. Both parties treated June 9, 2008 as the final decision date for the purposes of filing the amendments ordered by the PUC in the Initial Decision.  Qwest filed the proposed amendment on July 10, 2008, 31 days after June 9, along with a motion seeking leave to file the amendment one day late and for leave to file the amendment without the signature of AZDT.[1]  The PUC granted the motion at a weekly meeting on July 30, 2008.  It

---

[1] AZDT did not object to the untimely filing or to the content of the amendment and so stated in a response to Qwest's motion for leave to file the amendment one day

2

considered the amendment at its weekly meeting on August 6, 2008 and determined that the amendment would become effective by operation of law on August 11, 2008.

Plaintiff's complaint was filed in this court on September 12, 2008, more than thirty days after the date the amendment was deemed effective.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). The PUC also seeks dismissal pursuant to Fed. R. Civ. P. 12(h)(3), asserting that subject matter jurisdiction is lacking.

## Discussion

Plaintiff commenced this action pursuant to 47 U.S.C. § 252(e)(6), which provides, "In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section [the section of the Act governing interconnection obligations]." However, this statute does not provide any procedure or mechanism for such review. The PUC argues that state law governing review of PUC decisions should apply, because the Act preserves the state's authority with regard to other state law. *See* 47

---

late. See Ex. 3 to PUC's Motion to Dismiss (doc no 14-4).

U.S.C. § 252(e)(3) ("nothing in this section shall prohibit a State commission from establishing or enforcing other requirements of State law in its review of an agreement."). Under Colorado law, a party seeking review of a final decision of the PUC must file a petition with a state district court within thirty days. C.R.S. § 40-6-115(1).[2] However, the Act specifically deprives state courts of jurisdiction to review the action of a State commission in approving or rejecting an interconnection agreement. 47 U.S.C. §252(e)(4). Accordingly, the Colorado review procedure is not controlling nor does it appear to be another requirement of state law to be imposed in the PUC's review of the interconnection agreement.

In futile support of its position that the state review procedures should control, PUC grossly overstates the holding of *Iowa Telecommunications Services, Inc. v. Iowa Utilities Board*, 545 F.Supp.2d 869 (S.D. Iowa 2008) when asserting that the court "specifically recognized that the state laws dictate the procedures for review of a state commission decision regarding arbitration under the Telecommunications Act even though a federal court is the appropriate forum." Defendant's reply brief at p. 9. The court made no such determination. Instead it simply noted that a review under the Iowa Administrative Procedures Act would have required filing within thirty days but that such review would have been futile and unnecessary as a precondition to appropriate appeal under the Telecommunications Act, which, parenthetically, the party filed within 28 days of the

---

[2]The Colorado Administrative Procedure Act ("APA") provides a similar thirty-day deadline for seeking review of an agency decision. C.R.S. § 24-4-106(4). Importantly, certiorari review, including abuse of discretion of PUC decisions, is governed by C.R.C.P. 106(a)(4). Absent other statutory mandate, the complaint must be filed not later than 30 days after the final decision. C.R.C.P. 106(b).

relevant commission order. 545 F.Supp.2d at 882. Such misstatement of authority does not serve the PUC's cause.

PUC also argues in the alternative that a 30-day deadline would apply based on section 504(c)(2) of the Federal Administrative Procedures Act ("APA"), 5 U.S.C. § 504(c)(2). This section provides no help as it relates only to review of an award of fees and costs. Indeed, neither party cites to any general filing deadlines in the APA and a quick review discloses none.

The PUC also argues that deadlines relating to the Federal Communications Commission ("FCC"), which are express in the Act and elsewhere, require a complaint for review to be filed within thirty days of the FCC's final decision. Under section 252 of the Act, if a state commission fails to act, the FCC may assume jurisdiction over an interconnection issue dispute and perform essentially the same role. 47 U.S.C. § 252 (e)(5). Accordingly, a deadline applying to review of an FCC decision on an interconnection agreement could arguably govern here.

However, section 402 of the Act provides two mutually exclusive review deadlines for filing appeals of FCC orders. Section 402(a) provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC] under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28." 47 U.S.C. § 402 (a). Chapter 158 of Title 28, or 28 U.S.C. § 2341 *et seq.*, gives the Circuit Courts of Appeal jurisdiction to review final orders of certain agencies, including the FCC, and grants a party 60 days within which to file the petition for review. 28 U.S.C. § 2344.

On the other hand, section 402(b) lists nine different types of appeals which must

be filed within 30 days.  47 U.S.C. § 402(c).  In general, the law has evolved that the 30-day limitation of section 402(b) and (c) applies to the review of FCC licensing-related decisions including issues "ancillary" to the grant or denial of the license.  *See N. Am. Catholic Educ. Programming Found., Inc. v. Fed. Commc'n Comm'n,* 437 F.3d 1206, 1209 (D.C. Cir. 2006); *Vernal Enter., Inc. v. Fed. Commc'n Comm'n*, 355 F.3d 650, 655 (D.C. Cir. 2004); *Waterway Commc'n Sys., Inc. v. Fed. Commc'n Comm'n*, 851 F.2d 401, 403 (D.C. Cir. 1988).

Other than the arguments that the PUC first raised in its reply, the parties do not address this important distinction nor have they presented persuasive authority to establish whether the deadline should be 30 or 60 days, or some other time limit.  Indeed AZDT seemed to assume the 30-day period applied.  Particularly since this is a jurisdictional issue, I cannot treat AZDT's failure to address this issue as a concession of PUC's argumentation.  Given this state of the briefing, I will deny the motion without prejudice to refiling of an appropriate motion which provides AZDT the opportunity to respond and hopefully presents the parties the opportunity to submit more helpful analyses of this issue.

Nevertheless, I do address the question of what is the "final order" of the PUC: the June 9, 2008 denial of the Application for RRR or the August 11, 2008 approval of the amendment by operation of law.[3]  If the June 9, 2008 decision is the final order, then Plaintiff's complaint would be untimely even using a sixty-day time limit for filing a petition

---

[3]I reject Plaintiff's argument that the amendment was actually filed on July 30, 2008, when the PUC granted Qwest's motion to file the amendment one day late, and therefore deemed approved thirty days after July 30.  Plaintiff cites no legal authority or other principle that would alter the filing date or approval date, particularly given the PUC's express statement that the amendment would be deemed approved by operation of law on August 11, 2008.

for review.  If the final decision were on August 11, 2008, in contrast, then the complaint would be timely if a sixty-day deadline applies.

I agree with Plaintiff that the final decision for the purpose of triggering the deadline for filing a petition for review is August 11, 2008, the date that the amendment was deemed approved.  Again, given that this is a federal claim, I agree that federal law is most persuasive in making that determination.  Section 252 refers to the approval or rejection by a state commission as the "decision" over which state courts are divested of jurisdiction to review.  47 U.S.C. § 252(e)(4).  Similarly, section 252(e)(6) provides that any party aggrieved by the state commission's decision may bring an action in federal court to determine "whether the agreement or statement meets the requirements of section 251."  The plain language of the statute strongly indicates that the final decision subject to review is the agreement (or, in this case, the amendment to the agreement) itself, which is not final until approved by the state commission.  Until the agreement is finally approved, any review for compliance with the Act would be premature.  Plaintiff's cited case law also supports this interpretation.  *See, e.g., GTE South Inc. v. Morrison*, 957 F.Supp. 800, 804 (E.D.Va. 1997) ("the language clearly indicates that the Court will review the decisions of the [state commission] based on whether <u>the agreement</u> entered into by the parties pursuant to the arbitration decisions is in compliance with the Act.") (emphasis added).  The PUC's cited authority relates to state law and state statute or is otherwise unrelated to section 252.

Therefore, I agree with Plaintiff that the date the amendment was deemed approved, August 11, 2008, is the final order of the PUC under section 252.

Accordingly, it is ordered:

1.     The Motion to Dismiss (doc no 14) is denied without prejudice.

DATED at Denver, Colorado, on April 13, 2009.

                                                                   BY THE COURT:

                                                                   s/ Walker D. Miller  
                                                                   United States Senior District Judge